In re AIR CRASH NEAR CANANDAIGUA, NEW YORK, ON SEPTEMBER 16, 2002

J. Michael Maloney, et al. v. McFarland Johnson, Inc., et al., W.D. New York, C.A. No. 1:04-750

J. Michael Maloney, et al. v. Central Aviation, Inc., et al., W.D. Wisconsin, C.A. No. 3:05-546

No. 1759.

Judicial Panel on Multidistrict Litigation.

April 11, 2006.

Before WM. TERRELL HODGES,* Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

---

* Judge Hodges took no part in the decision of this matter.

### ORDER DENYING TRANSFER

JOHN F. KEENAN, Acting Chairman.

This litigation consists of two actions pending in two federal districts. Before the Panel is a motion by the two plaintiffs in each action, pursuant to 28 U.S.C. § 1407, seeking centralization of this litigation in the Western District of New York. New York defendant C&S Engineers, Inc., supports the motion. Defendants in both actions-Central Aviation, Inc., and S&S Aviation, Inc. d/b/a Rice Lake Air Center-oppose centralization; if the Panel deems centralization appropriate, the latter defendant suggests selection of the Western District of Wisconsin as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. Given the minimal number of actions and parties involved in this docket, movants have failed to persuade us that any common questions of fact are sufficiently complex to warrant Section 1407 centralization. *See In re Scotch Whiskey,* 299 F.Supp. 543, 544 (Jud. Pan.Mult.Lit.1969). We point out that alternatives to Section 1407 transfer exist that can minimize whatever possibilities there might be of duplicative discovery, inconsistent pretrial rulings, or both. *See, e.g., In re Chromated Copper Arsenate (CCA) Treated Wood Products Liability Litigation,* 188 F.Supp.2d 1380 (Jud.Pan. Mult.Lit.2002); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.